| Attorney/Party Name, Address, Phone, Fax, E-mail: Kessner Umebayashi Bain & Matsunaga Steven Guttman 1289-0 220 South King Street, Suite 1900 Honolulu, Hawaii 96813 Telephone: (808) 536-1900 Facsimile: (808) 529-7177 Email: sguttman@kdubm.com | For court use only |
|---|---|
| **UNITED STATES BANKRUPTCY COURT DISTRICT OF HAWAII** | Case No. **05-02429** Chapter 13 |
| Debtor: **JERRY ALBERT RABAGO** | Social Security No. (last 4 digits): 7071 |
| Joint Debtor: | Social Security No. (last 4 digits): |
| **DEBTOR'S MOTION TO MODIFY CONFIRMED PLAN; NOTICE OF DEADLINE TO OBJECT AND REQUEST A HEARING** ||
| To: Howard M.S. Hu, Trustee 1132 Bishop Street, Suite 301 Honolulu, HI 96813 | ALL CREDITORS |
| Date of Order Confirming Existing Plan: **7-18-2006** | Docket No.: **45** |

## A. NOTICE OF DEADLINE TO FILE OBJECTION

The court confirmed the Chapter 13 Plan in this case on the date noted above. Pursuant to 11 U.S.C. § 1329(a), this motion requests modification of the plan as described in part B.

Your rights may be affected. You should read the motion and the accompanying papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.)

If you do not want the court to grant this motion, or if you want the court to consider your views on the motion, then <u>within 20 days after the filing of this motion</u>, you or your attorney must file an objection explaining your position with the court and mail a copy to the Debtor at the respective addresses below:

| United States Bankruptcy Court District of Hawaii 1132 Bishop Street, Suite 250L Honolulu, Hawaii 96813 | *Objection due by:* *(not less than 20 days after filing)* **February 16, 2009** | *Debtor / Attorney address:* Steven Guttman, Esq. Kessner Umebayashi Bain & Matsunaga 220 South King Street, Suite 1900 Honolulu, Hawaii 96813 |
|---|---|---|

If you mail your response to the court for filing, you must mail it early enough so the court will **receive** it on or before the date specified above. If a timely objection is filed, the court will schedule a hearing and you will be notified of the date and time. If you or your attorney do not file a timely response and request a hearing, the court may decide that you do not object to modification of the plan and may enter an order granting the motion.

hib_1329a         12/03

B. **MOTION**

*[Describe the specific plan provisions to be modified. It is not necessary to attach the entire plan. Attach additional pages as necessary for further explanation of modification(s).]*

The Debtor moves under 11 U.S.C. § 1329(a) to modify the plan previously confirmed by the court. **All terms and provisions of the confirmed plan, including those of any related motions to value collateral and to avoid liens, remain in effect EXCEPT FOR THE SPECIFIC CHANGES PROPOSED BELOW.**

1. PLAN PAYMENTS AND DURATION:

|  | Monthly Payment Amount | Duration (months) | Total for Distribution |
|---|---|---|---|
| Current Plan: | $ **See Exhibit "A"** |  | $ |
| Proposed Modification: | $ **See Exhibit "A"** |  | $ |

Further details (*e.g., plan being extended 6 months due to missed payments*):

The Plan is being modified to: (a) reduce the percentage payment to unsecured creditors from 3.1% to 0.0%; and (b) to resolve the accrued delinquencies which total $16,000 as of January 2009.

2. DISTRIBUTION OF PLAN PAYMENTS:

|  | Treatment of Class or Specific Claim |
|---|---|
| Current Plan: | SECURED - Fully satisfy accrued arrears and fully pay all secured tax claims.<br>PRIORITY - Fully satisfy all priority tax claims.<br>UNSECURED - Pay 3.1% of allowed unsecured claims.<br>ADMINISTRATIVE - Pay all required administrative expenses. |
| Proposed Modification: | SECURED - No change.<br>PRIORITY - No change.<br>UNSECURED - Pay 0.0% of allowed unsecured claims.<br>ADMINISTRATIVE - No change. |

3. OTHER:

Fully cure existing Plan arrears.

## C. MEMORANDUM
*[State relevant facts and legal arguments in support of the modification(s) being proposed; attach additional pages as necessary.]*

The Debtor's sole source of revenue is his auto repair business, Dent Doctors Hawaii. Although Debtor has been operating his business for the past 11 years, like many other Hawaii businesses, Debtor has suffered a significant decrease in activity, resulting in a substantial reduction in gross revenues. Debtor has reduced his staff to a skeleton crew in an effort to cut expenses. True and correct copies of Debtor's Profit and Loss statements are being filed in support of this motion.

The Debtor has also been aggressively pursuing other potential income sources and has succeeded in procuring an account with Mercedes Benz. The net financial benefits from this news account however will not be realized before May 2009.

Under the existing Plan, Debtor is to pay 3.1% of the allowed unsecured claims. This motion seeks to reduce the percentage paid on unsecured, non-priority claims to 0.0%. "Debtors in the Ninth Circuit often confirm chapter 13 plans that pay zero . . . to the class of general unsecured creditors where zero percent . . . to general unsecured creditors constitutes the debtor's best efforts. In re Akram, 259 B.R. 371 (2001).

As of this date, Debtor is approximately 3.6 months in arrears on his Plan payments. The proposed Plan modification seeks to cure the arrears by folding the arrears into the balance of the monthly payments.

Dated: January 27, 2009          /s/ STEVEN GUTTMAN
                                 Debtor / Attorney                    Joint Debtor / Attorney

# PLAN PAYMENTS AND DURATION
# CURRENT PLAN VS. PROPOSED MODIFICATIONS

## CURRENT PLAN:

| Monthly Payment | From/Thru | Duration | Total |
|---|---|---|---|
| $ 1,800.00 | 11/05 thru 6/06 | 8 months | $ 14,400.00 |
| $ 3,000.00 | 7/06 thru 12/07 | 18 months | $ 54,000.00 |
| $ 4,000.00 | 1/08 thru 10/08 | 10 months | $ 40,000.00 |
| $ 4,500.00 | 11/08 thru 9/10 | 23 months | $ 103,500.00 |
| $ 48,850.00 | 10/10 to 10/10 | 1 month | $ 48,850.00 |
| TOTAL | | 60 months | $ 260,750.00 |

## PROPOSED PLAN:

| Monthly Payment | From/Thru | Duration | Total |
|---|---|---|---|
| $ 1,800.00 | 11/05 thru 6/06 | 8 months | $ 14,400.00 |
| $ 3,000.00 | 7/06 thru 12/07 | 18 months | $ 54,000.00 |
| $ 4,000.00 | 1/08 thru 10/08 | 10 months | $ 40,000.00 |
| $ 4,500.00 | 11/08 thru 2/09 | 4 months | $ 18,000.00 |
| $ 4,897.00 | 1/09 thru 9/10 | 19 months | $ 93,043.00 |
| $ 48,850.00 | 10/10 to 10/10 | 1 month | $ 48,850.00 |
| TOTAL | | 60 months | $ 268,293.00[1] |

---

[1] Includes Trustee's fees calculated at 10% of outstanding Plan balance as of 1/2009. Total for "Current Plan" does not include an sum for Trustee's fees.

S:\Data\Rabago, Jerry\Pleadings\Exh A re Plan 1-26-09.wpd



EXHIBIT "A"